IN THE MATTER OF THE PETITION OF THE BARNESVILLE & MOORHEAD RY. CO., etc.

(*District Court, D. Minnesota.* October, 1880.)

1. REMOVAL—JURISDICTION—TIME WHEN CAUSE CAN PROCEED.—In the case of a removal the jurisdiction of the federal court is not complete, so as to hear and determine the cause, before the day prescribed by the statute, although a transcript has been filed.

Application to proceed with the condemnation of a railroad and the necessary land.

*Bigelow, Flandrau & Clark* and *R. B. Galusha,* for petitioner.

*Gilman & Clough,* for respondent, the Northern Pacific Railroad Company.

NELSON, D. J. The Barnesville & Moorhead Railway Company, organized under the general railroad laws of the state of Minnesota, commenced proceedings under title 1, c. 34, Young's Minn. St., to obtain by condemnation a crossing over the track of the Northern Pacific road at or near Moorhead, in the county of Clay, and the land necessary for that purpose. The power to acquire by condemnation a crossing is granted by chapter 80, § 1, Minnesota Session Laws of 1879, and by section 3 the proceedings to obtain the land shall be instituted and conducted in the same manner as other similar proceedings by railroad companies under the General Statutes above alluded to, with some reservations, which are not important here.

A petition stating the object and amount of land, etc., to be taken was filed in accordance with the statutory provisions for the appointment of three commissioners to ascertain and report on the compensation, and presented to the district court of the state of Minnesota in and for the county where the land and crossing are situated, and proper notice given as required. At the time of the hearing, September 28, 1880, the Northern Pacific Railroad Company appeared by counsel and filed a petition stating, *inter alia,* that it will suffer damages to a greater amount than $1,000; that it is a company created and existing by virtue of certain acts of the congress

of the United States, attaching them, with the act of the state of Minnesota giving the company the right to build a railroad across the state, to its petition; and alleges "that it has a defence arising under the laws of the United States, to-wit: that it is a corporation of the United States created and existing as aforesaid, and holds its right of way, rights, and property under the acts of congress aforesaid, and that the state of Minnesota has no power to confer upon any person or corporation the right to enter upon the same or take the same in the manner proposed by the said proceedings; wherefore your petitioner, the Northern Pacific Railroad Company, prays that the said proceedings be removed into the circuit court of the United States for the district of Minnesota, and that this court proceed no further therein."

A bond with sureties that the Northern Pacific Railroad Company will enter in the United States circuit court, on the first day of the next session thereof hereafter to be holden, a copy of the record in the said suit and proceeding, etc., accompanied the petition, and was filed.

The district court of the state made the following order:

"Ordered that the application of the Northern Pacific Railroad Company to remove the said proceedings into the circuit court of the United States for the district of Minnesota be and the same hereby is granted, and that no further proceedings in this matter be had in this court. By the court.

"*October 6, 1880.* O. P. STEARNS, Judge."

The Barnesville & Moorhead Railway Company have procured a properly-certified copy of the record in the state court, and filed it in the United States circuit court, October 18, 1880, the next regular session of the court being on the second Monday of December, and on this copy of the record asks the court to proceed with the condemnation of the crossing and the necessary land, etc.

The Northern Pacific Railroad Company objects to the jurisdiction of the court to proceed in the matter at this time. The right is given by the statutes to the Northern Pacific Railroad Company, whose land is to be condemned and track crossed, to show cause, on the hearing for the appointment of commissioners, against granting the prayer of the petition,

and any of the facts therein contained may be disproved, and the court shall hear the proofs and allegations of the parties; and if satisfied that the public interests require the crossing to be made, and the lands, etc., to be taken are necessary for the purpose, it shall make an order appointing three commissioners to ascertain the amount to be paid by the petitioning corporation to persons interested. An appeal is allowed from this appraisement of the commissioners, to be prosecuted in the court where their report is filed, and it is to be submitted to a jury to re-assess the damages awarded, etc. Whether the proceeding, as shown by the record presented, is essentially political in its character and not judicial, and whether it is a suit within the meaning of the second section of the removal act of 1875, it is not necessary at this time to determine. All parties appear to agree that it is a suit or proceeding which can be removed from the state court, and I shall not on this application consider the question.

The only point to be decided is, has the federal court at this time jurisdiction so as to proceed with the matter? I am inclined to the opinion that on filing the petition in the state court, making a proper case for removal, and executing and filing the bond required, jurisdiction attaches in the circuit court, and when at any time it is known by the federal court that such steps have been taken in the state court for removal, either by a copy of the record being filed or entered therein before the time required by the statute, many incidental proceedings may be taken, and provisional remedies, as attachments, etc., may be granted on motion, as could be done after the commencement of suit by original process and appearance of the defendant; but the cause cannot proceed until the limited time has expired and the transcript entered. Such interpretation of the removal acts has support in the opinion of the supreme court of the United States when construing section 641 of the Revised Statutes, involved in the case of *Virginia* v. *Rives,* 100 U. S. 316. There is a declaration in that section similar to the one in the act of 1875 that "upon filing of the petition (no bond being required) all further proceedings in the state court shall cease.   *   *   * " The language of the act of 1875 is: "The state court shall

accept the petition and bond, and proceed no further in such suit;" and the court say, on page 317: "It is therefore a material inquiry whether the petition of the defendants sets forth such facts as made a case for removal, and consequently arrested the jurisdiction of the state court and transferred it to the federal court; "thus implying that the federal court acquired jurisdiction *ipso facto* on filing petition and bond.

So, also, in the *Removal Cases*, 100 U. S. 475, the court say: "While the act of congress requires security that the transcript shall be filed on the first day, it nowhere appears that the circuit court is to be deprived of jurisdiction if by accident the party is delayed until a later day in the term. If the circuit court, for good cause shown, accepts the transfer after the day, and during the term, its jurisdiction will, as a general rule, be complete, and the removal properly effected." I understand, from the opinions of the court in these cases, that when the jurisdiction of the state court ceases that of the federal court attaches for some purposes, on entering a copy of the record, so that the court may know the facts; but the jurisdiction of the federal court is not complete, so as to hear and determine the cause, although a transcript is filed, until on the day prescribed in the statute, or after, if the court accepts it. See Dillon on Removal of Causes, 71; *Mahoney Mining Co.* v. *Bennett*, 4 Sawyer, 289.

Inasmuch as the next proceeding in the case in hand is for the defendant to contest the facts in the petition, I am of the opinion the court cannot at this time entertain it.

Application to proceed in the matter denied.